IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA      §
                              §
v.                            §          No. 4:22-CR-118
                              §          Judge Mazzant
CHAZ DEMOND EDWARDS (1)       



## INDICTMENT

The United States Grand Jury Charges:

## A. INTRODUCTION

At all times material to this Indictment:

1.      18 U.S.C. § 922(a)(6) makes it a crime for anyone to make a false or fictitious oral or written statement to a licensed firearms dealer in order to acquire a firearm.  A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it.  A false statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time it is made, is such that a reasonable person of ordinary prudence would have been actively deceived or misled.

2.      Federal Firearms Licensees (FFL) are dealers of firearms who sell firearms as part of their livelihood. FFLs are required by federal law to maintain records relating to the sale of firearms to consumers. The principal purpose of requiring licensed firearms dealers to obtain such information from purchasers is to assist law enforcement. One of

Edwards et. al Indictment – Page 1

the records required to be kept by FFLs is the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 (Form 4473). Scheels All Sports, Academy Sports, 2A Firearms, Nagel's Gun Shop, INC, Ballistic Firearms and Gunsmithing, Euless Guns & Ammo, Guardian Guns, Ray's Hardware & Sporting Goods, McClelland Gun Shop, Bass Pro Shops Outdoor World, Roy's Pawn Shop, INC, Cash America Pawn #28, Cash America Pawn #23, and First Cash Pawn are gun stores, located in the Eastern District and elsewhere, that are owned and operated by FFLs.

3.      FFLs may not lawfully sell a firearm to the public without first having the prospective purchaser complete the Firearms Transaction Record (ATF Form 4473)—in which the purchaser answers questions about his or her eligibility to legally purchase or possess firearms under penalty of perjury—and facilitating a background check to verify the purchaser's eligibility.  On this same form, Question 11.a. requires the prospective purchaser to certify—under penalty of law—if he or she is "the actual transferee/buyer of the firearm(s) listed on this form," which is a fact material to the lawfulness of the firearm sale.  If a person purchases a firearm for someone else but claims that he or she is "the actual transferee/buyer of the listed firearm(s)," the firearm acquisition is called a "straw purchase" and this conduct is also commonly called "lying-and-buying," which is a violation of 18 U.S.C. § 922(a)(6).

4.      18 U.S.C. § 922(g)(1) makes it a crime for any person who, being a convicted felon, to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or

Edwards et. al Indictment – Page 2

foreign commerce. ███████████████████████ was a convicted felon, and it was unlawful for him to possess a firearm.

## COUNT ONE

> Violation: 18 U.S.C. §§ 371, 922(a)(6) (Conspiracy to Acquire a Firearm from a Licensed Dealer by False or Fictitious Statement)

From on or about December 17, 2020 and continuing until on or about January 21, 2022, in the Eastern District of Texas, and elsewhere, the defendants,

CHAZ DEMOND EDWARDS ("EDWARDS")



(hereinafter "coconspirators") did knowingly and willfully combine, conspire and agree with each other and with other persons known and unknown to the United States Grand Jury to make false and fictitious written statements to a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, in connection with the acquisition of a firearm, which statement was intended and likely to deceive the said licensed dealer of firearms as to a fact material to the lawfulness of such sale of the said firearm, in violation of 18 U.S.C. § 922(a)(6).

### B. MANNER AND MEANS OF THE CONSPIRACY

Among the means that the defendants and co-conspirators carried out the object of the conspiracy were:

7.      The conspirators formulated a plan to unlawfully purchase and transfer firearms out of Texas with intent to sell them for profit;

Edwards et. al Indictment – Page 3

8.     ▆▆▆▆▆▆▆ used EDWARDS, ▆▆▆▆▆▆ and others to make "straw purchases" of firearms from FFLs, including those listed above in paragraph 2, area on behalf of ▆▆▆▆ and others;

9.     EDWARDS and ▆▆▆▆▆ agreed to make the unlawful firearms purchases on behalf of ▆▆▆▆▆▆ and ▆▆▆▆▆, and in doing so, would falsely state on the ATF Form 4473 that they were the actual purchaser/transferee of the firearm, when in fact, at the time of each purchase, all coconspirators knew these statements were false.

10.    Before, during and after the unlawful purchases, coconspirators would communicate in order to decide which firearms to purchase; and

11.    After making their unlawful purchases, ▆▆▆▆▆▆ would either drive or fly the firearms from Texas to California where they would be transferred and sold to ▆▆▆▆ and others for profit.

## C. OVERT ACTS

In furtherance of the conspiracy and to affect the objects thereof, in the Eastern District of Texas and elsewhere, at least one of the conspirators committed and caused to be committed, at least one of the following overt acts:

12.    On or about March 5, 2021, ▆▆▆▆▆ purchased a Smith & Wesson, SD40VE, .40 caliber pistol, bearing serial number FDB7040 from Academy Sport #294 in Mansfield, Texas.

13.    On or about March 9, 2021, ▆▆▆▆▆▆. asked ▆▆▆▆ if the buyers wanted a Ruger .380 caliber pistol and sent ▆▆▆▆ a picture of a Ruger LCO II

Edwards et. al Indictment – Page 4

.380 caliber, S/N: 3806228XX pistol that was in a display glass. This pistol was later purchased by ████████ on or about March 12, 2021 from Academy Sport #247 in Waxahachie, Texas.

14. On or about March 10, 2021, ████████ purchased a tan Taurus G3, 9mm caliber, pistol, bearing serial number ACA460595 from Academy Sport # 80 in Mesquite, TX.

15. On or about March 11, 2021, ████████ and ██████ discussed the purchase of firearms. ██████ asked ████████. to send him a photograph of the firearms. ████████ sent ██████ a photograph of the Smith & Wesson, SD40VE, .40 caliber and the tan Taurus G3, 9mm caliber pistols previously purchased by ████████ on March 5, 2021, and March 10, 2021, respectively (see paragraphs 12 and 14 above).

16. On or about January 13, 2022, EDWARDS, while being aided and abetted by ████████., purchased the following four (4) firearms from Scheels FFL, located in The Colony, Eastern District of Texas: a Ruger LCP, caliber 380 ACP, pistol, S/N: 379016569; a Ruger EC9S, caliber 9mm, pistol, S/N: 461-36113; a Ruger EC9S, caliber 9mm, pistol, S/N: 461-36131; and a Ruger EC9S, caliber 9mm, pistol, S/N: 461-36114. Although these weapons were purchased for other individuals and with intent to re-sell the firearms for profit, EDWARDS stated on the Form 4473 that he was the actual buyer of the weapons, when in fact he was not. The firearms were then transported by ██ ████████. from DFW Airport to Los Angeles, California on American Airlines Flight # AA2733 on or about January 14, 2022.

Edwards et. al Indictment – Page 5

17.     Over the course of the conspiracy, the coconspirators combined to unlawfully purchase and transport approximately 100 firearms from Texas to California.

## COUNT TWO

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about January 13, 2022, in the Eastern District of Texas, defendant ███████████████████████., knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce the following firearms, to-wit: a Ruger LCP, caliber 380 ACP, pistol, S/N: 379016569; a Ruger EC9S, caliber 9mm, pistol, S/N: 461-36113; a Ruger EC9S, caliber 9mm, pistol, S/N: 461-36131; and a Ruger EC9S, caliber 9mm, pistol, S/N: 461-36114.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461.

As the result of committing the offenses alleged in this Indictment, the defendants shall forfeit to the United States:

a.     Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense;

Edwards et. al Indictment – Page 6

and any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(a)(1)(A); including, but not limited to, the following:

(1)    **Specific Assets.**

a.  FN, Five Seven MK2, caliber 5.7x28, pistol, S/N: 386418402;
b.  FN, Five Seven MK2, caliber 5.7x28, pistol, S/N: 386416953;
c.  FN, Five Seven MK2, caliber 5.7x28, pistol, S/N: 386418407; and
d.  any ammunition related to the case.

(2)    **Cash Proceeds.** A money judgment in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense alleged in this Indictment.

b.    If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendants-

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with a

third person;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

Edwards et. al Indictment – Page 7

By virtue of the commission of the offenses alleged in this Indictment, any and all interest the defendants have in the above-described property is vested in and forfeited to the United States.

A TRUE BILL

_____

FOREPERSON

BRIT FEATHERSTON
UNITED STATES ATTORNEY


_____          Date: _____

MATTHEW T. JOHNSON
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA §
§
v. § No. 4:22-CR-118
§ Judge Mazzant
CHAZ DEMOND EDWARDS (1) §



§
§
§

## **NOTICE OF PENALTY**

### **Count One**

Violation:        18 U.S.C. §§ 371, 922(a)(6)

Penalty:          Imprisonment of not more than 5 years, a fine not to exceed
                  $250,000, or both; a term of supervised release of not more
                  than three years.

Special Assessment:   $ 100.00

### **Count Two**

Violation:        18 U.S.C. § 922(g)(1)

Penalty:          Imprisonment of not more than ten years, a fine not to exceed
                  $250,000, or both; a term of supervised release of not more
                  than three years.

                  If it is shown the defendant has three previous convictions by
                  any court for a violent felony or a serious drug offense, or
                  both, committed on occasions different from one another -
                  Imprisonment of 15 years to life, a fine not to exceed
                  $250,000.00, or both; a term of supervised release of at least
                  3 years but not more than 5 years.

Special Assessment:   $ 100.00